IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDIE BRANDY,<br><br>        Plaintiff,<br><br>vs.<br><br>JOE'S CAFE MEXICAN RESTAURANT,<br>JOSE PALOMARES, and<br>JOHN DOES 1-2,<br><br>        Defendants. | 8:16CV66<br><br>ORDER |

This matter is before the court after a review of the court file and pursuant to NECivR 41.2, which states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Federal Rule of Civil Procedure 4(m) establishes a 90-day time limit for service of process on any defendant in a civil case, absent a showing of good cause. Specifically, the rule mandates:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case the complaint was filed on February 8, 2016. **See** Filing No. 1. On the same date, the plaintiff applied to proceed without prepayment of filing fees. **See** Filing No. 2. The court granted the plaintiff's motion the next day. **See** Filing No. 4. Immediately thereafter on February 9, 2016, the plaintiff sought leave to have the U.S. Marshal serve the named defendants. **See** Filing No. 5. The court granted the plaintiff's motion the next day. **See** Filing No. 7. The court informed the plaintiff's attorney certain forms must be completed prior to service by the U.S. Marshal. **Id.** The plaintiff took no action until submitting the summons form on April 28, 2016, on which date the summons was issued by the Clerk of Court. **See** Filing No. 7. No further

documents have been filed in this matter.  The defendants have not made an appearance.

Despite the plaintiff's *in forma pauperis* status and leave for service by the U.S. Marshal, it remains the plaintiff's duty to go forward in prosecuting the case.  In this case, the time for service nearly elapsed prior to the plaintiff seeking summons.  The plaintiff failed to seek an extension of the deadline to complete service or provide an explanation for the 78-day delay for seeking issuance of the summonses.  Under the circumstances, the plaintiff must make a showing of good cause for the failure of timely service or the action must be dismissed against the defendant.  Upon consideration,

**IT IS ORDERED:**

The plaintiff has until the close of business on **May 31, 2016**, to file with the Clerk of Court evidence of service or show cause why this case should not be dismissed as against the defendants for failure to prosecute by providing an explanation for the delay in seeking service.

Dated this 12th day of May, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge